ANNE H. KINSELLA, PLAINTIFF-RESPONDENT, v. WILLIAM DOLINSKY, DEFENDANT-APPELLANT.

Submitted October 16, 1931—Decided March 3, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Seymour Cantor* and *William I. Garrison.*

For the defendant-appellant, *Walter S. Keown.*

PER CURIAM.

Plaintiff, who resided on the second floor of a two-family house owned by the defendant, was injured from falling down the outside brick steps leading from the house entrance to the pavement. She recovered a judgment against the defendant for $10,000, and the defendant appeals. Appellant sets down thirty-eight reasons, of which four are waived. We do not feel called upon to discuss all of the remaining thirty-four reasons, but we shall mention enough of them to give the grounds for our conclusion.

At the second floor landing there was an electric light which was in working order and with which no fault is

found. In the first floor hall between the stairway and the front door was the fixture of a ceiling light. That light did not funtcion, and it is upon the failure thereof that the action is grounded. Plaintiff, coming down the stairway after dark on March 8th, 1931, reached the bottom of the stairway in safety, pressed the button that controlled the ceiling light and found that the light did not operate. She went out of the front door, took a step and fell to the pavement below.

The complaint alleges that the defendant negligently "failed to have any lights as required by law." Defendant contends that that allegation is based on the assumption that the defendant was under a statutory liability and that inasmuch as the defendant was not shown to be under such a liability, the proofs do not correspond to the complaint and the motions for a nonsuit and for a direction should have been granted. We find, however, whatever be the technical construction of the words of the complaint, that the case was fairly and fully tried out on the theory of an assumed liability (*Rhodes* v. *Fuller Land and Improvement Co.*, 92 *N. J. L.* 569), and that there was evidence thereon sufficient to take the case to the jury. The defendant, relying upon *Rooney* v. *Siletti*, 96 *Id.* 312, and similar cases, now undertakes to give further support to those motions by asserting that the plaintiff was guilty of contributory negligence and, under the facts of the case, assumed the risk; but his motions must stand or fall upon the reasons given to the trial court and the propositions now advanced were not then propounded. The reasons that were given do not establish error in the court's rulings thereon.

But we think that the court erred in charging the jury on the character of liability that rested upon the defendant and also in charging on measure of damages.

Assuming the theory upon which plaintiff grounded her case to have been justified, namely, that the defendant, having installed a lighting device for the convenience and safety of his tenants in the use of the hallway and the front steps, was under an obligation to keep that lighting facility in proper and usable condition, the proofs do not establish that

it was, as a matter of law, the further duty of the landlord to turn the light on and keep it burning from sunset to sunrise. The court did in effect charge that in the following language: "If you find that * * * the landlord did that in this case * * * that he reserved it and put in a light and so on, then he assumed the responsibility of maintaining that light in good repair, properly lighted from sunset to sunrise * * *." The fact clearly appears that the lighting fixture on the second floor landing was operated by the tenants, and it is, we think, arguable from the testimony that the same practice applied to the first floor light. It was a jury question.

In instructing the jury on the rule for damages the court said: "If you find that the plaintiff is entitled to compensation, then the compensation should be substantial and not trivial, because if the plaintiff was injured at all the complaint charges that the injuries are permanent and of a serious nature." And further: "So if you reach a point where the plaintiff is entitled to compensation as a money verdict, then, as I said before, your verdict should be for a substantial amount, to compensate her consistent with the injuries received, and not a trivial one." It is manifest that the inclusion of an allegation in the complaint is not a sound reason for allowing substantial damages. Moreover, there was a serious conflict in the testimony as to the extent of the plaintiff's injuries. The plaintiff's contention was that the injuries were substantial and permanent. The defense produced testimony to the effect that the injuries were of a comparatively trivial character, consisting of bruises, and that there should have been a full recovery in about four weeks after the accident. Certain internal conditions, which were of a serious nature and attributed by the plaintiff to the accident, were assigned by the defendant's medical testimony to childbirth and an earlier abdominal operation. Substantiality and triviality are relative terms and the jury might well have understood this portion of the charge to be an instruction that if the fact of liability be determined in favor of the plaintiff then the damage should be substantial

to compensate her for the permanent and serious injuries which as *she* claims she suffered.

We think that the charge, in these respects, contained error, and for that reason judgment below will be reversed.